UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCIS SCHWANAUER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-12-901 |
| | § | |
| AURORA BANK, FSB, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant Aurora Bank, FSB's Motion to Dismiss (ECF No. 4) Plaintiff Francis Schwanauer's Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction ("Complaint") (ECF No. 1-2). Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 4(c) and 4(m) on the grounds that Plaintiff did not effect service of process on Defendant within 120 days after filing the Complaint. (ECF No. 4.) Defendant further moves to dismiss each of Plaintiff's claims pursuant to Rule 12(b)(6). (*Id.*)

Having reviewed the pleadings, the record, and the applicable law, the Court orders Plaintiff to effect service of process on Defendant within fourteen (14) days of this Order.

I.   Background

On January 3, 2012, Plaintiff filed the Complaint with the 129th Judicial District of Harris County, Texas. (ECF No. 1-2.) On March 26, 2012, Defendant filed the Notice of Removal (ECF No. 1) with this Court. (*Id.*) There is nothing in the record to show that Plaintiff has served or attempted to serve the Complaint, nor is there anything to show good cause for this failure.

II.   Standard

In removal cases in which a defendant has not been served with process, "such process or

service may be completed … in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448 (2012). If, however, "a defendant is not served within 120 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).

III.	Discussion

Based on the record in this case, Plaintiff was responsible under Federal Rules of Civil Procedure 4(c) and 4(m) for serving the Complaint no later than May 2, 2012 (i.e., 120 days after filing the Complaint on January 3). It is now more than 120 days past that deadline, but there is still nothing in the record to show that Plaintiff, though represented by counsel, has effected or attempted to effect service of process. Given this prolonged period, while this Court is willing, in its discretion, to extend time for service, it will do so for only a period of fourteen (14) days.

Pending the Plaintiff's service of process, the Court need not address Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

IV.	Conclusion

For the foregoing reasons, the Court defers its decision on Defendant's Motion to Dismiss, and it is

ORDERED that Plaintiff effect service of process within fourteen (14) days.

SIGNED at Houston, Texas, this 11th day of September, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE